

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## NUMBER 13-11-00243-CV

### IN THE INTEREST OF C.L.H., MINOR CHILD

---

## NUMBER 13-11-00244-CV

### IN THE INTEREST OF D.A.L. AND M.L., MINOR CHILDREN

---

**On appeal from the 156th District Court
of San Patricio County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

In cause 13-11-00243-CV, Caryn Ann H. appeals the trial court's judgment

terminating her parental rights with respect to C.L.H., D.A.L., and M.L.,[1] minor children.

---

[1] The records on appeal show that in the trial court, the style in each case included M.L.'s middle name, but the text of the termination order in each case omits the middle name.

1

Caryn Ann H. has failed to timely file a brief. *See* TEX. R. APP. P. 38.8(a) (failure of appellant to file brief). After being notified that this appeal was subject to dismissal for failure to file a brief, Caryn Ann H. did not adequately respond. *See* TEX. R. APP. P. 42.3(b) (allowing involuntary dismissal of case). We hereby dismiss Caryn Ann H.'s appeal for want of prosecution for failure to timely file a brief.

In cause 13-11-00244-CV, appellant David L. appeals the trial court's judgment terminating his parental rights with respect to D.A.L and M.L., minor children.[2] As discussed below, appellant's court-appointed counsel has filed an *Anders* brief. We affirm.

## I. COMPLIANCE WITH *ANDERS*

Appellant David L.'s court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which she states this appeal is wholly frivolous. *See Anders v. California,* 386 U.S. 738, 744-45 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental-termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). In her brief, counsel addresses a possible issue that might have been appealed: (1) whether there was no evidence or insufficient evidence to prove

---

[2] The trial court severed the termination case involving C.L.H. from appellant David L.'s case, cause 13-11-00244-CV on appeal. The record reflects appellant David L. had no relation to C.L.H. Although the trial court severed the cases and no motion to consolidate has been filed on appeal, in the interest of judicial economy, we issue a single opinion herein disposing of both appeals.

that termination of appellant's parental rights was in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(2) (West Supp. 2009).[3]

Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds to advance in an appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that she has (1) examined the trial record, researched the issues, and has concluded that this appeal is wholly frivolous, (2) provided appellant with a copy of the brief filed in support of counsel's motion to withdraw and with a copy of the reporter's record, and (3) informed appellant of his right to review the record and to file a pro se response.[4] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3. More than an adequate time has passed, and appellant has not filed a pro se response. *See In re Schulman,* 252 S.W.3d at 409.

---

[3] The Texas Department of Family and Protective Services filed a response to appellant's *Anders* brief in which it concurred with appellant's counsel's evaluation of the record and agreed that this appeal is frivolous.

[4] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State,* 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)); *see also In re K.M.B.,* No. 03-08-0041-CV, 2008 WL 2852301, at *1 (Tex. App.—Austin July 25, 2008, no pet.) (mem. op.) (addressing issues raised in a pro se response and a pro se letter after appellate counsel filed an *Anders* brief in a parental-rights termination case).

## II. INDEPENDENT REVIEW

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio,* 488 U.S. 75, 80 (1988); *see also In re G.M. & X.M,* No. 13-08-00569-CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.); *In re M.P.O.,* No. 13-08-00316-CV, 2009 WL 39097, at *1 (Tex. App.— Corpus Christi Jan. 8, 2009, no pet.) (mem. op.). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford,* 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders,* counsel has filed a motion to withdraw. *See Anders,* 386 U.S. at 744; *see also In re Schulman,* 252 S.W.3d at 408 n. 17 (citing *Jeffery v. State,* 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case.[5] Within five days of the date of this Court's opinion, counsel is ordered to send a

---

[5] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Supreme Court of Texas, he must either retain an attorney to file a petition for review or file a

copy of the opinion and judgment to appellant and to advise appellant of his right to pursue a petition for review in the Supreme Court of Texas. *See In re K.D.,* 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

_____

GREGORY T. PERKES
Justice

Delivered and filed the
22nd day of September, 2011.

---

pro se petition for review.  Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration.  TEX. R. APP. P. 53.7(a).  Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure.  *See id.* at rule 53.2.